**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CODY MICHAEL JOCK, TANNER RILEY JOCK,**
**JAKE TYLER JOCK, MICHAEL L. JOCK AND**
**COLLEEN FARWELL, as parents and legal**
**guardians of Cody Michael Jock, Tanner Riley Jock**
**and Jake Tyler Jock, LAYLA WHITE, and**
**CHARLES WHITE as parent and legal guardian of**
**Layla White,**

                                     **Plaintiffs,**


         **-vs-**                                        **7:05-CV-1108**


**JAMES RANSOM, KATHLEEN LAUZON, EMILY**
**LAUZON, BEN KELLY, STACEY ADAMS, DARLENE**
**BROCKWAY, ROBERT DURANT, MARION ELLIOT,**
**JUDITH STARK, CORRINA BERO individually**
**and as members of the Salmon River Cental School District**
**Board of Education, THE SALMON RIVER CENTRAL**
**SCHOOL DISTRICT BOARD OF EDUCATION, THE**
**SALMON RIVER CENTAL SCHOOL DISTRICT,**
**GLENN R. BELLINGER, Superintendent of the Salmon River**
**Central School District, in his official and individual capacity,**
**IRVING PAPINEAU, Principal of St. Regis Mohawk School,**
**JOHN SIMMONS, Principal of Salmon River Central School,**
**and JOHN AND JANE DOES 1-10,**


                                     **Defendants.**
_____
**Thomas J. McAvoy, U.S.D.J.**


                        **DECISION & ORDER**

**I. Introduction**

        Plaintiffs commenced the instant action pursuant to 42 U.S.C. § 1983 seeking declaratory

                                     1

and injunctive relief for alleged discrimination in violation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.  Presently before the court is Plaintiffs' motion, brought by order to show cause, seeking a temporary restraining order and a preliminary injunction.

**II. Background**

Plaintiffs are students in the Salmon River Central School District (the "District").  The District is predominantly Mohawk.  In the Fall of 2002, students in the District began reciting a Mohawk "Thanksgiving Address" called the OHÊN:TON KARIHWATÊHKWEN (the "Address").  The Address was recited in the Mohawk language over the District's public address system at the beginning and end of each week.

According to plaintiffs, a single non-Mohawk individual complained to the District's administration about the Address in December 2004.  The District determined that the Address was a religious prayer.  Accordingly, in May 2005, the District discontinued the recitation of the Address.  Plaintiffs contend that the Address is not a prayer.  Following the removal of the Address in May 2005, two student protests took place at the District, with over 130 students participating in each protest.

Plaintiffs claim that the removal of the Address discriminates against Plaintiffs and all Mohawks.  Plaintiffs seek an order enjoining the District from prohibiting the recitation of the Address.

## III. Discussion

### A. Temporary Restraining Order

The Second Circuit recently restated the applicable standard for a temporary restraining order, which is the same standard applicable to applications for a preliminary injunction, as follows:

> District courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.

Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citations omitted); Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992).  To find irreparable harm, Plaintiffs must show that, without the order, they will "suffer 'an injury that is neither remote nor speculative' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) (quoting Rodriguez v. DeBuono, 175 F.3d 227, 234-35 (2d Cir. 1999)).  The Second Circuit has held that relief of this nature "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore, 409 F.3d at 510 (internal quotation marks and citations omitted).

Here, Plaintiffs have not met such a burden.  Plaintiffs contend that, if the Address is not in place near the beginning of the 2005-2006 academic year, Mohawk students will suffer several problems including educational underachievement, substance abuse, teen pregnancy, and high unemployment rates.  In support, Plaintiffs rely on the statements of two professors in attempting to

3

show irreparable harm springing from the removal of the Address.  The professors state that the Western world has continuously stripped the Mohawks of their identity and culture for decades which has caused young Mohawks to lose sight of their own cultural identity.  The professors also state that the Address is of central importance in the Mohawk culture.  By combining these two points, the professors conclude that, by removing this central feature of the Mohawk culture, the school would be continuing the Western destruction of the Mohawk culture and identity, thereby irreparably harming the Mohawk children and leading to the harms identified above.

These statements, as well as Plaintiffs allegations, are too conclusory and attenuated to sustain the burden of showing irreparable harm.  The Second Circuit has held that injunctive relief is not proper if it is founded on "'remote or speculative harms.'"  Id at 511 (quoting Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002)).  Plaintiffs' pleadings do not show a specific causal link between the removal of the Address and the social harms outlined above.  Here, the only harm that can be pointed to by Plaintiffs is purely speculative in nature: that the Mohawk children may, due to the removal of the Address, suffer the harms discussed above.  Therefore, irreparable harm has not been shown.  Moreover, because Plaintiffs have not yet produced evidence of irreparable harm, the Court finds that there is no need to resolve this matter on an expedited basis.

Having found that Plaintiffs have not demonstrated irreparable harm, the Court need not discuss the remaining issues applicable to a request for a temporary restraining order.  If Plaintiffs seek a preliminary injunction based on competent evidence, they may do so by an  appropriate motion and in accordance with the local rules of this Court.

4

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion for a temporary restraining order and their application for a hearing on a preliminary injunction on an expedited basis is **DENIED**.

**IT IS SO ORDERED.**

DATED:September 8,2005

Thomas J. McAvoy
Senior, U.S. District Judge

5